# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re: EYAD KHALIL,

 *Debtor,*

EYAD KHALIL,

 *Appellant,*

v.

DEVELOPERS SURETY & INDEMNITY
CO.,

 *Appellee.*

No. 07-56819

BAP Nos.
CC-07-1164-KPaBa,
CC-07-1171-KPaBa
Bankruptcy No.
SA 05-12795-ES
Adv. No.
SA 05-01621-ES

OPINION

Appeal from the Ninth Circuit Bankruptcy Appellate Panel
Klein, Pappas and Bardwil, Bankruptcy Judges, Presiding

Submitted April 6, 2009*
Pasadena, California

Filed August 24, 2009

Before: Harry Pregerson and David R. Thompson,
Circuit Judges, and Jeremy Fogel, District Judge**

Opinion by Judge Fogel

---

*The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4.

**The Honorable Jeremy Fogel, United States District Judge for the Northern District of California, sitting by designation.

**COUNSEL**

Mark M. Sharf, Sharf Law Firm, Encino, California, for the appellant.

Andrew K. Mauthe, Irvine, California, for the appellee.

_____

**OPINION**

FOGEL, District Judge:

Bankruptcy debtor Eyad Khalil ("Khalil") appeals a published decision of the Bankruptcy Appellate Panel (BAP), which affirmed a judgment of the bankruptcy court in favor of creditor Developers Surety and Indemnity Company ("DSI"). *See Khalil v. Developers Sur. & Indem. Co. (In re Khalil)*, 379 B.R. 163 (B.A.P. 9th Cir. 2007). We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.

We review decisions of the BAP *de novo*. *Hanf v. Summers (In re Summers)*, 332 F.3d 1240, 1242 (9th Cir. 2003). We review the bankruptcy court's conclusions of law *de novo* and its findings of fact for clear error. *Id*.

DSI brought an adversary proceeding to prevent the discharge of certain debts related to Khalil's construction business. After a bench trial before the bankruptcy court, judgment was entered in favor of DSI and discharge was denied pursuant to 11 U.S.C. § 727(a)(4), which provides for the denial of a discharge of debt where a creditor shows that a debtor "knowingly and fraudulently" made a false oath or account during the bankruptcy proceeding. The BAP affirmed, holding that while evidence of recklessness alone will not satisfy the intent requirement of § 727(a)(4), evidence of recklessness may be combined with other circumstantial evidence to prove fraudulent intent. *Khalil*, 379 B.R. at 177.

**[1]** The BAP's published opinion is a correct statement of the applicable law, and we expressly approve of that opinion by our decision today. We also have reviewed the record independently and conclude that there was substantial circum-

stantial evidence of Khalil's fraudulent intent. Fraudulent intent may be inferred from a pattern of behavior. *Devers v. Sheridan (In re Devers)*, 759 F.2d 751, 754 (9th Cir. 1985). The denial of discharge was proper.

**AFFIRMED.**